IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

         Plaintiff,

vs.

ALYSSA ANDERSON,

         Defendant.

8:18-CR-202

MEMORANDUM AND ORDER

    This matter is before the Court on the defendant's third motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Filing 53. The defendant's motion will again be denied.

    Pursuant to § 3582(c)(1)(A), a defendant may (after exhausting her administrative remedies) move for reduction of her term of imprisonment based upon "extraordinary and compelling reasons." The Court, after considering the factors enumerated in 18 U.S.C. § 3553(a), may grant the motion if extraordinary and compelling reasons warrant the reduction, and such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id*. And pursuant to U.S.S.G. § 1B1.13(2), the Court must also find that the defendant is not a danger to the safety of any other person or to the community.[1]

---

[1] Section 1B1.13 has not been amended in response to the statutory changes wrought by the First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194 (2018), and so no longer remains "applicable" guidance for the current version of § 3582(c)(1)(A)(i), but the Court may consider the criteria set forth in § 1B1.13 to the extent they remain helpful and relevant. *United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020).

The defendant's first motion for compassionate release (filing 39) was denied because she failed to exhaust her administrative remedies. Filing 40. Her second motion for compassionate release (filing 41), which was based on the risk of COVID-19, was denied because she already had COVID-19 and because the § 3553(a) factors weighed against relief. Filing 52.

Her third motion is, to begin with, more like her first: there is nothing to indicate that she has exhausted her administrative remedies with respect to her new request. *See* filing 53. And exhaustion of administrative remedies is mandatory. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021).

But even if the defendant's claim was properly presented, the Court would deny it. The defendant's primary argument for release is that her mother has mental and physical health problems and needs her care. Filing 53 at 1. The Court notes the defendant *didn't* allege that she was an only child, or that she is the only available caregiver for her mother. But even if the Court gives her the benefit of that inference, the "vast majority" of courts—including this Court—have concluded that providing care to elderly parents, even ailing parents, is not an extraordinary and compelling reason for release. *See United States v. Hassen*, 2:07-CR-20099, 2020 WL 6680387, at *3 (D. Kan. Nov. 12, 2020) (collecting cases); *see also United States v. Valencia*, No. 4:15-cr-3010, 2021 WL 3023729, at *1 (D. Neb. July 16, 2021). After all, "[m]any . . . inmates, have aging and sick parents. Such circumstance is not extraordinary." *United States v. Ingram*, No. 2:14-CR-40, 2019 WL 3162305, at *2 (S.D. Ohio Jul. 16, 2019); *accord Valencia*, 2021 WL 3023729, at *1; *United States v. Hunter*, No. 3:06-CR-61, 2020 WL 127711, at *3 (S.D. Ohio Jan. 10, 2020).

The defendant also relies on her post-sentence effort to rehabilitate herself. Filing 53 at 1-2. That's commendable, and hopefully it sticks—but it's also the sort of effort that's expected, and anticipated, at the time of sentencing. That means there is little to indicate that this is anything other than a

straightforward case involving a defendant who's served only just over half her sentence—and, as the Court previously noted, received the benefit of a downward variance despite a significant and somewhat violent criminal history. *See* filing 52 at 3.

Finally, the defendant asserts that she hasn't received full credit for time served. Filing 53 at 2. It appears that, despite the Court's recommendation, the Bureau of Prisons may not have credited the defendant for time spent in a state facility on a related charge. *See* filing 33 at 1; filing 36 at 2; filing 53 at 2. But district courts are not authorized to award credit at sentencing. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329, 332-35 (1992). The Attorney General, through the Bureau of Prisons, has the exclusive authority to compute and apply credit for time served. *Wilson*, 503 U.S. at 335. Prisoners may seek administrative review of the Bureau of Prisons' credit determination. *Id.* at 335; *see also* 28 C.F.R. §§ 542.10-.19. Only after exhausting her administrative remedies may the defendant seek judicial review—and then, by filing a habeas petition under 28 U.S.C. § 2241 in the district where she is confined, the District of Minnesota. *See United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006); *United States v. Pardue*, 363 F.3d 695, 699 (8th Cir. 2004). This Court, however, cannot provide relief. Accordingly,

IT IS ORDERED that the defendant's third motion for compassionate release (filing 53) is denied.

Dated this 10th day of August, 2021.

BY THE COURT:

John M. Gerrard
United States District Judge